IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ANGEL BOMBINO                                                                                               PETITIONER
Reg #76461-004

v.                             Case No. 2:14-cv-00019-KGB-JTK

C.V. RIVERA, *Warden*,                                                                               RESPONDENT
FCI-Forrest City

## PROPOSED FINDINGS AND RECOMMENDATIONS
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Pending is a habeas petition filed by Petitioner Angel Bombino on February 25, 2014, pursuant to 28 U.S.C. § 2241. In it, Petitioner contends prison officials violated his due process rights and subjected him to retaliation, mental duress, and undue hardship for being in possession of Uniform Commercial Code (UCC) information. Petitioner received a written disciplinary for possession of unauthorized materials (UCC documents and pornography), and he was sanctioned with loss of telephone privileges for 180 days. (DE #2, Memorandum of Support, p. 13)

In answer to the petition, Respondent argues the Court lacks subject-matter jurisdiction to consider the claims because the challenge is to the conditions of confinement and not the fact or duration of confinement. Respondent also asserts that Petitioner's

assertion of a liberty interest in possession of UCC material is without merit because no due process right or liberty interest was triggered. (DE # 14, Response)

Petitioner filed a Reply to the Respondent's answer on September 18, 2014, claiming that the Court has jurisdiction and that the due process violation caused a change in his prison conditions. (DE # 17, Reply)

Because Petitioner's requested relief would affect the condition, rather than the duration of his confinement, it is not a proper form of relief pursuant to a petition for habeas corpus. Accordingly, the Court lacks subject matter jurisdiction under habeas review.

Habeas corpus relief is available only for claims that directly challenge the fact or duration of a prisoner's confinement—not the conditions of his confinement. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973); *Otey v. Hopkins*, 5 F.3d 1125, 1130–31 (8th Cir.1993), *cert. denied*, 512 U.S. 1246 (1994). As explained by our court of appeals:

> If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. . . . Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

*Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir.1996) (per curiam) (internal citation omitted).

Here, Petitioner's telephone privileges (and his use of the UCC, regardless of the purpose to which the information is put) simply have no direct bearing on the legality or

duration of his custody. Further, lost privileges are normal and expectable experiences of prison life, and they are not the kind of "atypical and significant hardship" that implicate constitutionally protected liberty interests. *Freitas v. Ault*, 109 F.3d 1335, 1337 (8th Cir. 1997). Thus, because Petitioner's loss of prison privileges does not constitute the kind of hardship that would implicate a protected liberty interest, he cannot maintain a due process claim based upon the imposed sanction.

Based on the foregoing, the Court finds that the petition, Doc. No. 1, should be dismissed without prejudice for lack of subject matter jurisdiction, and the relief requested denied.

SO ORDERED this 7th day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE